# NO. 12-20-00097-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MICHAEL L. BIRD,* *APPELLANT* | *§* | *APPEAL FROM THE* |
| *V.* | *§* | *COUNTY COURT AT LAW* |
| *ANGELIQUE L. LEDESMA,* *APPELLEE* | *§* | *HOUSTON COUNTY, TEXAS* |

### MEMORANDUM OPINION
### PER CURIAM

On April 1, 2020, Michael L. Bird, acting pro se, filed a notice of appeal from a protective order signed on February 11, 2019. We dismiss for two reasons.

First, on April 2, the Clerk of this Court notified Bird that the notice of appeal failed to contain the information specifically required by Texas Rule of Appellate Procedure 25.1(d)(4), i.e., the notice of appeal identifies the incorrect court of appeals that has jurisdiction over the trial court in which judgment was entered. TEX. R. APP. P. 25.1(d)(4). The notice advised Bird that, unless a proper notice of appeal was filed on or before April 13, the appeal would be referred to this Court for dismissal. A notice of appeal must "state the court to which the appeal is taken unless the appeal is to either the First or Fourteenth Court of Appeals, in which case the notice must state that the appeal is to either of those courts." ***Id***. Bird designated the Third Court of Appeals in his notice of appeal. However, Houston County falls within this Court's appellate district. *See* TEX. GOV'T CODE ANN. § 22.201(m) (West Supp. 2019). The April 13 deadline expired without Bird filing a proper notice of appeal that designates this Court.

Second, on April 2, the Clerk of this Court notified Bird that the notice of appeal failed to show the jurisdiction of the Court, namely, there was no notice of appeal filed within the time allowed by Texas Rule of Appellate Procedure 26.1 and no timely motion for an extension of time to file same as permitted by Rule 26.3. *See* TEX. R. APP. P. 26.1(a), 26.3. The notice further

informed Bird that the appeal would be dismissed unless the information was amended on or before April 13 to show the jurisdiction of the Court.

Under the rules of appellate procedure, the notice of appeal must be filed (1) within thirty days after the judgment is signed absent a timely filed post judgment motion, or (2) within ninety days after the judgment is signed if a party timely files a motion for new trial, motion to modify the judgment, motion to reinstate under Rule 165a, or request for findings of fact and conclusions of law that are either required by the rules or, if not required, could be properly considered by the appellate court. *See* TEX. R. APP. P. 26.1(a). Rule 26.3 provides that a motion to extend the time for filing a notice of appeal must be filed within fifteen days after the deadline for filing the notice of appeal. TEX. R. APP. P. 26.3. Here, the case information sheet indicates that Bird did not file a motion for new trial or request for findings of fact and conclusions of law, and there is no indication that Bird filed any other type of post-judgment motion. *See* TEX. R. APP. P. 26.1(a). Thus, Bird's notice of appeal was due on or before March 13, 2019. Bird filed his notice of appeal on April 1, 2020, long after the timing for filing a notice of appeal or seeking an extension of time to file a notice of appeal. The April 13 deadline for responding to this Court's notice has expired without a response from Bird.

Because Bird did not file a proper notice of appeal, and this Court is not authorized to extend the time for perfecting an appeal except as provided by Rules 26.1 and 26.3, the appeal is ***dismissed for want of jurisdiction***. *See* TEX. R. APP. P. 42.3(a), (c).

Opinion delivered April 22, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 22, 2020**

**NO. 12-20-00097-CV**

**MICHAEL L. BIRD,**
Appellant
V.
**ANGELIQUE L. LEDESMA,**
Appellee

Appeal from the County Court at Law

of Houston County, Texas (Tr.Ct.No. 19CCL-013)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*